case, which is Valencia Carpio v. Garland. I believe we've got it switched here. Petitioner's counsel is in person, and government counsel is appearing by Zoom, I believe. So you heard the drill from previously. When we're ready to get started here, maybe let me give us your name and how much time you hope to reserve for rebuttal. Good morning, Your Honors. May it please the Court. My name is Alexander Vail, and I am going to reserve three minutes for rebuttal. The Fifth Amendment of the U.S. Constitution ensures that even when individuals like Mr. Carpio are in removal proceedings, that those proceedings to determine removability be fundamentally fair. And this case shows just how much the Justice Department is willing to bend over backwards to accommodate the Department of Homeland Security's misapplication of certain crimes. But even still, the agency has misapplied the categorical approach here. And so even if the government had charged Mr. Carpio in the first instance with the ground of removability that finally stuck, the Justice Department's misapplication of the categorical approach has resulted in the illegal removal of a lawful permanent resident of the United States. The Department of Homeland Security, I'll shorten it to Department, first charged Mr. Carpio as an alien convicted of a crime involving moral turpitude. Mr. Carpio moved to dismiss. Likely recognizing that his position was undermined by this Court's 2018 decision in Menendez v. Whitaker, the government filed an amended charging document. Still didn't get it right. Therefore, the immigration judge dismissed the two pending charges of removability, and therefore the only justification for keeping Mr. Carpio in proceedings to give the government what would now be a third time to amend the It was then that Mr. Carpio has raised the argument that he has consistently maintained throughout the proceedings, and he now presents to this Court. Counsel, is it your view that the government only has two shots at amending a complaint? I'm failing to see what due process violation occurs if Mr. Carpio is able to defend renewed or different amended charges. The due process violation is in his liberty interest that is being infringed upon by remaining in removal proceedings when the judge has found that the charges then pending are no longer valid. There is no longer a justification. Although immigration is not criminal, I see it akin to if a judge were to dismiss the indictment, yet keep the individual detained so that the prosecutor can get another bite at the apple. So, just to understand, then, if the original charges are dismissed, what's your best case for the proposition that the IJ cannot hold the case open to allow DHS to amend with new charges? There's a regulation. It's Title VIII, Code of Federal Regulations, Section 1240.12. And that regulation provides, essentially, I'm going to paraphrase, but that the judge has the ability to terminate, to enter an order of removal, terminate proceedings, or other such disposition. That can't — the government reads that third clause as giving it the ability to essentially do whatever it pleases. And Mr. Carpio's position is that other such disposition limits it, essentially — it appreciates the nuances in immigration law, because there are other such orders in order of removal, like in the withholding context, but that order is withheld. There is no such nuances when the charges are dismissed. The justification for removal proceedings is over. Could the government have filed a new notice to appear? Yes. That, it could have done. But the prejudice here is — may have it affected the outcome. And it may have, if the government's handling, early handling of this case is any indication of its competence handling the case, it very well may have been that 30 days elapsed and they did not file either a new notice to appear or an appeal to the board. Does that answer your question? More or less, yes. Thank you. Turning to the merits of the case that's before this Court, in 2015, the Nevada Supreme Legislature amended Nevada Revised Statute Section 201.230. Mr. Carpio entered his guilty plea in September of 2018 and was adjudged guilty pursuant to that guilty plea in January of 2019. At all times relevant, both before and after remand, the immigration judge found that the statute of conviction was the 2015 version. On the first appeal, the board agreed that the statute of conviction was the 2015 version. And that is why, when it came back down to the immigration judge, the judge ultimately terminated proceedings — Counsel, you said at all times relevant. I thought — maybe I'm misremembering, but I thought initially the immigration judge found it was the first version of it, right? And then it was reversed by the board. And then the board — and then the immigration judge followed the board, and then the board went — it's like they were agreeing with each other at the wrong times. Respectfully, I disagree, Your Honor. I — actually, what I believe the immigration judge did in the first decision, because she analyzed the Nevada statute referring to subsection 1A, but because she found that this Court's decision in Sedano had not been overruled by any precedent, that that governed both the pre-2015 version and, likewise, the post-2015 version. We weren't really arguing at that level which statute of conviction applied because it had been assumed that it was the 2015 version. Setting aside the procedural posture of this case, do we look to state law or federal law to determine the statute of conviction? I — you know, your briefing referenced a number of circuit decisions that, as I saw them, or at least from my perusal of them, I didn't see any case squarely holding that we look to federal law to determine this particular question. I believe, Your Honor, that for purposes of the categorical approach, which is this federal judicial construct, the analysis calls for the statute in effect at the time of conviction. The categorical approach is intended, although practices proved it not to be, to make what's supposed to be the analysis straightforward. Okay. So I think I understand. Your argument is it's in effect and it doesn't matter. But let's put that aside for a second. I think, and I'm curious of the same question I think Judge Sanchez was asking. If, putting aside, let's assume there's just one statute here and we were trying to figure out what the elements of that statute were. What would govern that if a state says, as kind of sounds like they've done here, said these things are elements and these are not elements? But the Supreme Court has said if anything changes the, you know, how somebody would be sentenced, that is an element. I think that, you know, which one of those do we look at? Which one controls, I should say? And pursuant to this Court's decision, a 2017 decision in Martinez-Lopez, which relies on Mathis, it is state law. The adjudicator is to rely on authoritative sources of state law for purposes of the categorical approach. Does the exact age of the victim potentially change the punishment? It absolutely does. And if this case were before this Court in a different context, such as Mr. Carpio's Fifth Amendment right to due process or Sixth Amendment jury trial guarantee were violated, the Nevada Supreme Court's understanding of the elements would be problematic. But the Court does not have to reach that issue here today. Because Mathis and this Court and Martinez-Lopez stated that the adjudicator is to look to authoritative sources of state law. And the Nevada Supreme Court's decision in Moore and Alitabai are those authoritative sources of state law. And it was reasonable for Mr. . . . I mean, I hear your point there. I mean, normally, yeah, that's what, I mean, just generally speaking, you have, you look to state law to see what the elements of a crime would be, right? It still seems like for the particular question here, where you're asking, you know, where you're making, you're trying to figure out to match to that federal generic crime, why wouldn't you look to, I mean, if the Supreme Court has told us what matters as far as elements for purposes of, you know, that basically sentencing differences matter as an element, then why wouldn't that matter for purposes of the generic match? I understand that generally, the point you're making makes sense generally. I'm just not sure whether or not those statements in those cases were meant to address this particular wrinkle. Because in that same breath, the Nevada Supreme Court has said we look to state law. And that is the right . . . You mean the U.S. Supreme Court? The U.S. Supreme Court. We look to state law. The categorical approach, as time has proven, has become far more complex than it was intended to be. So the more bright-line rules that we can have, the more we can preserve those reliance interests that certain criminal aliens have when they're deciding, am I going to plead guilty or am I going to go to trial? The same token, do we look to state law to determine which statute of conviction should apply as well? So, you know, I take your point. We look at it for elements, but then why wouldn't that apply as well to the statute of conviction? What does state law say as to which elements should apply when a statute has been amended? It does, Your Honor. It does. But I don't believe that the Court's or the Board's decision or reliance on high desert state prison was the right decision to rely on, because that decision dealt with what version of a good times credit statute to apply. And while it was not relied upon by the Court, the outcome in that decision was motivated by the concept of the rule of lenity, because by applying that statute, the earlier version, it was in the defendant's favor. If the context had been different, I suspect the outcome would have been different. Even if the Court doesn't mention the rule of lenity at all in its decision? The Court's analysis of why it was a continuing offense I do not believe was thought through. It was a conclusory statement. And so I do not believe that the Board relied on that decision properly when it did not address the specific issue here. So make sure I understand your argument. Do you think that in Nevada Court that you could argue that it was a continuing offense, or do you think that's foreclosed by the Nevada Supreme Court? I hear your argument, you're saying, well, the Nevada Supreme Court relied on something, the rule of lenity, to reach a conclusion. And here, in theory, the rule of lenity would work the other way. But at the end of the day, whatever reason the Nevada Supreme Court relied on, it's only a rule in a certain context, but not in this context? I believe it is a rule in that specific state, in that specific context. And that when it comes to the categorical approach . . . You're only saying that with regard to good time credits. Yes. So I have a question, because you argue that in the immigration context it should be different because we should protect the reliance interests of the petitioner. So is there even any factual evidence in this record that the petitioner did rely, or is that completely an assumption we would have to make? It is an assumption, and, Your Honor, the Supreme Court, as recently as Vartelis in a 2012 decision, has made it clear that actual reliance is not necessary. Reasonable reliance is sufficient. And given the landscape, the legal landscape, at the time that Mr. Carpio entered his guilty plea and was adjudged guilty in 2019, there were two principles that one in his situation could have reasonably relied on, and that is that the statute of conviction for purposes of the categorical approach is the statute that is in effect when you are adjudged guilty, and two, that the question of divisibility is something that the federal courts have said you must defer to state law. Let me ask this. There's a different Nevada Supreme Court case, County of Washoe, that in a different context was trying to determine whether a defendant could benefit from an adjudication in the law at a later point, and the court concluded no, because the statute of conviction at the time that the crime is completed, the initial time, is the one that's applicable. So why doesn't that case then control and say it's the pre-2015 behavior that we should look to for the statute of conviction? Your Honor, in my preparation of this case, I did not come across that case. I do not want to speak unintelligently on a case that I'm unfamiliar with. Let me just give you the quote from it. Crimes are punishable in accord with the law enforced at the time a defendant commits his crime. It seems to me when we see these straddling cases, it's either an issue of an ex post facto violation or an ameliorative change in law and whether that has retroactive consequences. But I guess the question for me is, if there's no debate that he committed at least some of his offenses before the change in law, if he had never done anything else, would you agree that he would have been deportable on that basis alone? No. No? No, because I believe that, speaking on this case, how he was charged was it straddles an amendment, and it was one charge that he pled guilty to. And pursuant to the categorical approaches methodology where we have to presume the least culpable conduct, it is that methodology that I believe should inform the court's analysis as to which version of the statute would apply. Yeah, so as I understand, right, your position is, let's say somebody was, there was some criminal statute, and that criminal statute was taken away in, say, 2020 by the legislature, completely gone. But they committed the crime in 2018, so they get charged, and it's a deportable, it would be a removable offense for being charged. But they were charged and pled guilty or were convicted in 2021. I think your position would be, there's no statute on the books anymore, so there's no, in that position, it's not a removable offense. That is my position. I think that, yeah. Well, we'll hear from the government if you have any further questions. All right. And we'll make sure you have a little bit of time for rebuttal. Good afternoon, your honors. Jonathan Needle on behalf of the respondent. May it please the court. The record in this case shows that the board thoroughly considered the question of whether the petitioner was convicted of an aggravated felony, and the board correctly answered that question in the affirmative based on its application of the categorical and the modified categorical approach. First, the conviction records fully support the board's finding that the petitioner's conviction was under the pre-2015 version of the Nevada's Ludmus statute. And as this court has recognized in the Sedano-Vieira decision, conviction under that statute categorically qualifies as the aggravated felony of sexual abuse with a minor because it necessarily involves a victim under the age of 14. And so there are a number of reasons why the petitioner's conviction was under the pre-2015 version of the statute. First of all, as was recognized earlier, the petitioner, the amended indictment specifies that the petitioner began engaging in the criminal conduct at issue in 2014, obviously before the 2015 amendments. The legislative history of the 2015 amendments indicate that that amended version of the statute was only to be applied prospectively. There's the High Desert decision of the Nevada Supreme Court establishing that the crime at issue was not a continuing offense, that the offender would be held criminally liable for engaging in that conduct as soon as the elements are satisfied. There's also the fact that... Mr. Nadel, can I interrupt you for a second just to go back to the question that the panel has been asking? Should we look to state law or federal law to determine what statute of conviction should apply here? I think the petitioner's approach, which relies exclusively on federal law, sort of a formalistic inquiry as to what statute of conviction was in effect at the time of the guilty plea, is really at odds with what the court is required to do at the threshold, which is to identify the correct statute of conviction. And in doing so, the court can and should rely on the conviction documents that are in the record, which obviously were generated in state court proceedings. So in order to be able to conduct its obligation to analyze the statute of conviction, the court needs to refer to state law, identify that statute of conviction. And what is your sense of the best state authority for establishing that we should look to the pre-2015 version of the statute rather than the post-2015 version? Well, as I mentioned, it's the decision of the Nevada Supreme Court, which does not break new ground as to the continuing offense doctrine. It basically says that if the legislature intended it to be a continuing offense, then that's what it'll be. But there was no indication of such legislative intent. So the petitioner would not be shielded from the repercussions of his criminal activity before. I'm not sure whether this is a continuing offense ultimately answers the question. I would agree with you and really the Nevada Supreme Court agrees with you that this is not a continuing offense. It seems to be a series of completed acts both before and after the 2015 amendments. But that still keeps the question open, which version should we look to? So I'm not sure that the High Desert State Prison case necessarily conclusively resolves that question, but I'll let you answer if you think otherwise. I agree, Your Honor. It doesn't conclusively resolve the question. There is other evidence that he was convicted under the earlier version of the statute. And I just want to point out the mention of Mr. Carpio's age. And this is relevant because the pre-2015 version of the statute did not differentiate between offenders who were old, over 18 or younger than 18. And that omission from the charging document is further evidence that he was convicted under the earlier version of the statute. But the petitioner, Mr. Carpio, is arguing that there's no ambiguity as to the conviction. And we submit that there is arguably some ambiguity. And that's what the Board acknowledged in making its alternative determination that even if he was convicted under the amended statute, that that statute also qualifies as an aggravated felony because it's divisible and it's subject to analysis under the modified categorical approach. And the Court correctly applied the modified categorical approach looking at the conviction records to make the determination that they reflect the petitioner was charged with, was convicted of a crime that involved a minor under the age of 14, which as this Court has recognized is per se abusive. And so the Board's decision rests on these alternative determinations which are both supported by the record. The Court doesn't need to rule definitively which version of the statute that he was convicted under. It was either the pre-2015 or the post-2015. There is no other answer to that question. And under either statute, he was convicted of an aggravated felony. And so the divisibility of the post-2015 statute is clear under established Supreme Court precedent. Mathis case in particular, where a statute prescribes different punishments for different crimes, that means the statute is divisible. That's a question of federal law whether the alternative elements that are subject to divisibility. This is not a situation where you have alternative subsections with alternative means of committing the same crime. There are different punishments for different crimes depending on the age of the victim. That's clearly reflected in the newer version of the statute. And how do you address the which it was considering the lesser included offense element test and did not find that a different statute, that there was an age element in a particular statute there, even though the punishment differed depending on the age of the victim in that case? Right. And I think the Nevada Supreme Court acknowledged in that decision that their analysis of whether the age of the age of the victim qualified as an element did not apply in the context of whether it qualifies as an element for purposes of federal law where defendant would need to be where the age of the offender would need to be presented to a jury and found beyond a reasonable doubt or admitted by the defendant as part of a plea agreement. There's no question that the Nevada Supreme Court was not addressing that issue. They were addressing the sentencing enhancement in an entirely different context as far as the lesser included offense approach. So the Nevada Supreme Court was being explicit that its analysis was not relevant to the issue at hand here, which is whether the statute prescribes different elements under Mathis, under Apprendi, under that line of case law. So the petitioner's reliance on Alta EB is misplaced. And in fact, the court doesn't even have to look at sources of state law where the divisibility of the statute is clear on its face. And that is our position is that the visibility of the subsection under which the looking, I would agree with you that there's that there is an element of age involved in this post 2015 statute where you have a category of of under 16 year olds, I believe, that that are subject, you know, the defendants are subject to that statute. And I guess the question is, for divisibility purposes, is the element of under 14. It's is that itself a separate element in your argument as it is under under Apprendi, because it changes the punishment? Is that in my understanding that correctly? That's correct, Your Honor. And that's the analysis that that answers the question of divisibility, whether it's in an element under federal law for purposes of that under Apprendi and for purposes of being presented to the jury. I would be on a reasonable doubt. There's no question the petitioner concedes in his opening brief that the age of the victim is relevant in that context. And that's not something that that can be ignored. That is dispositive as to whether the age is an element rather than something else. When you say age is an element, an element as as we look at it for purposes of divisibility, is that right? Correct. You have the standard offense where the victim is either 14 or 15, and then the aggravated offense where the victim is under 14, which calls for an enhanced penalty. Ultimately, you're saying there's no daylight between Apprendi to the view of when something needs to be an element separately found by the jury for purposes of a sentencing, a different sentencing, and whether or not something is divisible for purposes of the categorical, for applying the categorical approach. It's the same consideration? Correct. I mean, in that situation, there is no need to consult state law because federal law provides an answer as to whether something... Well, let me ask you this. Whether there's need or not to consult state law, what if the state law says something different, you know, like, and that's the argument here that the state law, I guess, one has to win for purposes of, right? Like, assuming you did, you did, putting aside whether you need to consult state law or not, if there's a difference between the two, I guess the question is, which one do we look at for purposes of deciding the Mathis question? Well, this would appear to be a question of federal law. It's firmly established in the Mathis case, which provides guidance on how courts should apply the categorical and modified categorical approach. And this is, it's not something that can be disregarded just based on a potentially erroneous analysis by a state court. But that's not the situation we're dealing with here, where the court in LTV clearly said it was not making that determination of whether the sentence enhancement was an element for purposes of the court's Fifth and Sixth Amendment jurisprudence. But we're only reaching this question, we would only need to reach this question of the divisibility of the statute if we determine that the conviction was a post-2015 conviction, as opposed to a pre-2015 one. That's correct, because a pre-2015 conviction would be controlled by the court's precedent, the Sedano-Vieira case. And the petitioner is really not disputing a conviction under the pre-2015 version is categorically an aggravated felony, which is why his argument is premised entirely on the fact that there is no ambiguity that he was convicted on a post-2015 statute, because that's the only way that he could avoid the controlling effect of the Sedano-Vieira decision. And I also want to say a few words in response to the due process argument. First, as we noted in our brief, that claim was not properly exhausted before the Board of Immigration Appeals. This court's precedent is clear that if a petitioner has an issue with the way that the IJ conducted removal proceedings, such that it rose to the level of a due process violation, then that argument needs to be raised with the Board in the first instance, because the Board has the authority to correct that alleged mistake or improper conduct by the IJ. The petitioner had the opportunity to raise the due process claim with the Board after he appealed the IJ's decision sustaining the aggravated felony charge. He did not assert a due process violation. He did not take issue with any of the IJ's procedural rulings. He did not take issue with the IJ not acting as a neutral fact finder. Those arguments are being raised in his opening brief to this Court, and as such, they're not properly exhausted. But even if the Court were to adjudicate the merits of the due process claim, it's where he hasn't satisfied the two-pronged test that this Court has applied to such claims. First, the petitioner would need to show that the proceeding was so fundamentally unfair that the non-citizen was prevented from reasonably presenting his case, and there's simply no evidence to support such a claim, as evidenced by the fact that the petitioner filed four separate motions to terminate before the agency. Each of those motions was adjudicated on the merits. He received a full and fair hearing in response to the removal charges, and so he's unable to cite to any authority any regulation that precluded the IJ from terminating the case without prejudice and giving DHS an additional opportunity to amend the notice to appear, and so there's no evidence that the proceedings were fundamentally unfair. Counsel, I think we have your, I mean, unless my colleagues want to hear the fact that he wasn't prejudiced, which I think we have from you in your briefing, I think we'll cut it off there, go on over a little bit, but we'll make sure and give Petitioner's Counsel a minute for rebuttal here. Thank you, Your Honor. Thank you. The two points I want to address in rebuttal are the how to determine whether Mr. Carpio was convicted under the pre- or post-2015 version, as far as the exhaustion requirement. Mr. Carpio is asking this Court to expand its futility doctrine. It is established that when one is challenging the constitutionality of a regulation, that doesn't need to be raised before the Board because the Board can't rule on the constitutionality of the statutes. But it is no less futile in this context for Mr. Carpio to have raised the issue, the due process violation that he's now raising, when there is a published decision from the Board, matter of decay, where the Board essentially finds that the government didn't charge the alien correctly, and instead of terminating proceedings, it remands it to the Board with instructions to give the Department of Homeland Security the ability to file an amended charging document, and that is exactly what we have here. There was a period of time when this non-citizen was found not removable, yet he was still in removable proceedings. Now, on the issue of the conviction documents being evidence that Mr. Carpio was convicted under the pre-2015 version, this is why I have filed the motion to take judicial notice, and I ask that you consider it and grant that motion because this is a case involving a criminal defendant who was convicted, who committed all his crime after the 2015 amendment, and yet the indictment, the judgment of conviction, everything reads the same. The reality is that the prosecutors, their documents they used to charge are holdovers from the pre-2015, so I'd ask that the Court give no weight to how those documents read in Mr. Carpio's case. Thank you, and I would ask that the Court grant Mr. Carpio's petition for review. Just to clarify, you're not contending that all of Mr. Carpio's conduct occurred after the change in the law? Correct, Your Honor. It straddles the amendment. Any further questions? All right, well, thank you, Counsel. That concludes our sitting for today. We will be back tomorrow, and thank you to all the Counsel.
judges: VANDYKE, SANCHEZ, Vratil